**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Martin R. STONE, also known as Martin R. Schmid, Defendant-Appellant.**

**No. 86–1104.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1987.

Decided April 7, 1987.

Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.

Harry L. Hellerstein, San Francisco, Cal., for defendant-appellant.

Before WALLACE, SKOPIL and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Appellant Martin R. Stone appeals from a criminal conviction for theft of govern-

ment property in violation of 18 U.S.C. § 641 (1982) and for making false statements to the government in violation of 18 U.S.C. § 1001 (1982). Stone argues that the district court erred in refusing to dismiss his indictment under the Speedy Trial Act, 18 U.S.C. § 3161–3174 (1982). We have jurisdiction under 28 U.S.C. § 1291 (1982), and we affirm.

## FACTS:

On September 27, 1985, Stone was charged in a two count indictment with violating 18 U.S.C. § 641 and 18 U.S.C. § 1001. Stone first appeared in court to respond to the indictment on October 18, 1985. Trial was set for December 9, 1985.

On November 8, 1985, Stone filed notice under Fed.R.Crim.P. 12.2 that he intended to pursue an insanity defense at trial. On December 2, 1985, the trial judge continued the trial from December 9, 1985, to January 13, 1986, in order to allow both sides to prepare and deliver reports on their psychiatric examinations of the defendant. The defense psychiatrist's report was disclosed to the government on December 16, 1985. The government's report was delivered to defense counsel on December 23, 1985.

On December 20, 1985, the trial was continued again from January 13, 1986 to February 18, 1986.

On January 31, 1986, Stone filed a motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161–3174. Stone contended that dismissal was required under 18 U.S.C. § 3162(a)(2) because more than seventy days had elapsed from the date of his first appearance in court. The court denied Stone's motion on the ground that the time spent preparing and exchanging psychiatric reports was excludable time under 18 U.S.C. § 3161(h)(1)(A) and therefore did not count toward the Act's seventy-day requirement.

Stone was tried and convicted on both counts on February 18, 1986. Stone appeals his conviction solely on the ground that the district court erred in denying his motion to dismiss the indictment under the Speedy Trial Act.

## DISCUSSION:

Under Sections 3161(c)(1) and 3162(a)(2) of the Speedy Trial Act, dismissal of an indictment is required if more than seventy days of unexcluded time elapse between the defendant's first appearance in court and the commencement of trial.[1] Certain periods of time are automatically excluded from the seventy day period. Section 3161(h)(1)(A) excludes

delay resulting from any proceeding, including any examinations to determine the mental competency or physical capacity of the defendant.

Forty-five days elapsed between Stone's filing of his Rule 12.2 notice and the final exchange of psychiatric reports. Eight more days elapsed between Stone's filing of his motion to dismiss on January 31, 1986 and the trial judge's denial of the motion on February 7, 1986. It is undisputed that the eight days between the filing of the motion to dismiss and its denial are excludable under 18 U.S.C. § 3161(h)(1)(F) (1982).[2] See *United States v. Whaley*, 788 F.2d 581, 583 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986). If the forty-five days between the filing of the Rule 12.2 notice and the exchange of reports are

1. Section 3161(c)(1) states:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1).
Section 3162(a)(2) states in relevant part:

If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.

18 U.S.C. § 3162(a)(2).

2. 18 U.S.C. § 3161(h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

excludable under Section 3161(h)(1)(A), then only 70 unexcluded days elapsed between Stone's initial appearance on October 18, 1985 and his trial on February 18, 1986, and the Speedy Trial Act does not require dismissal of Stone's indictment.

The government raises a threshold question regarding the standard of review. The defendant made no objection when the district court continued the trial date to enable preparation and delivery of psychiatric examination reports, nor did he question the judge's statement that excludable time was involved. The government does not argue that the defendant thereby waived the Speedy Trial Act issue for purposes of appeal, presumably because the only waiver specified by the Act is a waiver arising from the failure of a defendant, which did not occur here, to move for dismissal prior to trial. *See* 18 U.S.C. § 3162(a)(2); *United States v. Pringle*, 751 F.2d 419, 433–34 (1st Cir.1984). Instead, the government contends that defendant's failure to object to the continuance should result in review by the "plain error" standard.

■ Generally we apply a "clearly erroneous" standard to the district court's factual findings, and a de novo standard to questions of correct legal standards or of interpretation of the Act. *United States v. Henderson*, 746 F.2d 619, 622 (9th Cir. 1984), *aff'd*, —— U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *see also United States v. Mehrmanesh*, 689 F.2d 822, 827 (9th Cir.1982); *United States v. Nance*, 666 F.2d 353, 356 (9th Cir.), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982). We need not address the government's contention that we review only for "plain error" because we have determined that no error, plain or otherwise, was committed by the district court.

We deal with Stone's arguments in turn. Stone contends that the forty-five days spent preparing and exchanging psychiatric reports are not excludable under Section 3161(h)(1)(A), and that the district court therefore erred in denying his motion to dismiss for violation of the Speedy Trial Act. Stone offers three arguments in support of his position. First, Stone contends that Section 3161(h)(1)(A) excludes only delays resulting from examinations needed to determine a defendant's competency to stand trial, not from examinations needed to determine the sanity of the defendant at the time of the alleged offense.[3] Stone relies on cases that distinguish mental competency from legal insanity in other contexts. *See United States v. McEachern*, 465 F.2d 833, 836 (5th Cir.), *cert. denied*, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972).

■ We agree with the Courts of Appeals for the Second and Fifth Circuits that there is no reason to adopt such a restrictive interpretation of Section 3161(h)(1)(A). In *United States v. Crosby*, 713 F.2d 1066, 1078 (5th Cir.), *cert. denied*, 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983), the court stated:

> We agree with the government that there is no reason in logic or experience for the term "mental competency" to be given such a restricted meaning. "Competency" is often used interchangeably to denote both sanity at the time of an offense and ability to assist in the preparation of one's own defense....
>
> ... It would circumvent Congress' intention to provide for a period allowing delays for mental examinations if we interpreted the statute to exclude time for this relatively common and often lengthy type of examination.

*See also United States v. Stockwell*, 743 F.2d 123, 128 (2d Cir.1984). The distinction between competency to stand trial and legal insanity at the time of offense may be important in other contexts, but we see no reason to assume that Congress intended to restrict the Section 3161(h)(1)(A) exclusion to competency examinations. As the court in *Stockwell* stated, "[i]t defies common sense to assume that Congress would have provided an exclusion for competency examinations in recognition of the delays

---

**3.** Stone raised this argument in his principal brief, but did not adhere to it in his oral argument. We address the contention nevertheless.

inherent in such proceedings, but not for sanity examinations which can be equally or more time-consuming and crucial to the outcome of a case." 743 F.2d at 128. We therefore conclude that Section 3161(h)(1)(A) excludes delay resulting from examinations to determine a defendant's sanity at the time of an alleged offense.[4]

Stone's second argument is that even if delay for examinations to determine sanity is excludable under Section 3161(h)(1)(A), the filing of a notice pursuant to Fed.R.Crim.P. 12.2 does not trigger a period of excludable time under the Speedy Trial Act; excludable time is triggered only when the government files a motion ordering the defendant to submit to an examination. We find nothing in the language or the logic of the Speedy Trial Act to support the latter proposition. No motion for a psychiatric examination is required when a defendant consents to the examination, as apparently happened in this case, and such a consensual examination may be as time-consuming as a court-ordered examination. Section 3161(h)(1)(A) does not on its face require the government to move for a psychiatric examination in order to make the delay resulting from examination excludable, and we decline to read such a requirement into the provision.

We also conclude that it is reasonable in the circumstances of this case to commence the period of exclusion with the filing of the defendant's notice of an insanity defense. That notice alerted the prosecution to the need to make arrangements for a psychiatric examination. Those arrangements appear to have followed promptly; the government's examination occurred approximately three weeks after the notice was filed. The entire 45 days from the filing of the notice to delivery of the report of the government's examination to the defendant was therefore properly treated as excludable under § 3161(h)(1)(A). While it would have been most helpful if specific findings had been entered in explanation and support of the period of excludable delay, the statute does not require them.

Finally, Stone contends that no additional time was actually needed for the defendant's mental examination, and that the district court's ruling was therefore erroneous. We disagree. First, we agree with the district court that delay resulting from the preparation and distribution of psychiatric reports is properly excludable as part of a proceeding to determine the mental competency of a defendant under Section 3161(h)(1)(A). Second, the district court's determination that the delay actually resulted from the preparation and distribution of the reports is a factual finding subject to review under the clearly erroneous standard. The record indicates that forty-five days elapsed between the defendant's notice of his intent to pursue an insanity defense and the final exchange of psychiatric reports. There is no suggestion in the record that this delay resulted from anything other than the preparation and distribution of psychiatric reports. We therefore hold that the district court did not clearly err in ruling that the time was excludable under Section 3161(h)(1)(A).

**AFFIRMED.**

---

**4.** We note that the Guidelines to the Administration of the Speedy Trial Act state that Section 3161(h)(1)(A) "covers proceedings related to the insanity defense as well as those related to com-

petency or capacity to stand trial." *Guidelines to the Administration of the Speedy Trial Act of 1974,* as amended, December 1979 revision (with October 1984 amendments), at 30.