**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herman Campbell BARNETT,
Jr., Defendant–Appellant.**

**No. 91–8082.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 18, 1992.

John R. Martin, Atlanta, Ga., for defendant-appellant.

Michael J. O'Leary, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BIRCH, Circuit Judge, JOHNSON * and BOWNES **, Senior Circuit Judges.

BIRCH, Circuit Judge:

Appellant Herman Campbell Barnett, Jr., was tried by jury and convicted of four armed bank robberies. On this direct appeal, Barnett contends (1) that the government violated the Speedy Trial Act by failing to try him within 90 days of his arrest, *see* 18 U.S.C. § 3164(b) (1988), and (2) that the district court erroneously refused to instruct the jury on the consequences that would result if the jury were to reach a not guilty by reason of insanity verdict. We find both arguments to be without merit and accordingly AFFIRM.

### I.

Because Barnett remained in detention subsequent to his arrest for the armed bank robberies, the government was required to try him within 90 days of his arrest. 18 U.S.C. § 3164(b) (1988). Although Barnett's trial commenced more than 90 days after his arrest, the government contends that it met the requirements of the Speedy Trial Act because the 90–day deadline was tolled during the period of time that related to Barnett's mental examination. *See id.* § 3161(h)(1)(A) (providing that a trial court can exclude all time periods associated with the "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant"). Barnett, on the

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Hugh H. Bownes, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

other hand, argues that although the statute allows the exclusion of a delay associated with the determination of a defendant's competency *to stand trial,* it does not sanction the exclusion of a delay associated with the determination of a defendant's competency *as it relates to a potential insanity defense.* The district court agreed with the government and accordingly denied the defendant's motion to dismiss the indictment. *See* R6–4–5.

We find no error in the district court's exclusion of the time period necessary for determining whether or not Barnett was sane at the time he committed the armed bank robberies. We agree with the government that the statute allows the trial court, in its discretion, to exclude time relating to all competency examinations. This time may be excluded whether those examinations are related to determining a defendant's ability to stand trial or are related to a determination of the issues surrounding a potential insanity defense. The statute broadly sanctions exclusion for *"any examinations"* necessary to determine mental competency. 18 U.S.C. § 3161(h)(1)(A) (1988) (emphasis added). We therefore hold that the trial court correctly concluded that the demands of the Speedy Trial Act were met in this case, notwithstanding the fact that more than 90 days elapsed between Barnett's arrest and trial.[1]

Accepting the alternative construction pressed by Barnett would be an unnecessarily restrictive reading of the speedy trial statute. Moreover, Barnett's position has been soundly rejected by three other circuits. *See United States v. Stone,* 813 F.2d 1536, 1538 (9th Cir.) ("The distinction between competency to stand trial and legal insanity at the time of offense may be important in other contexts, but we see no reason to assume that Congress intended to restrict the Section 3161(h)(1)(A) exclusion to competency [to stand trial] examinations."), *cert. denied,* 484 U.S. 839, 108 S.Ct. 125, 98 L.Ed.2d 83 (1987); *id.* at 1539

n. 4 (noting that the Guidelines to the Administration of the Speedy Trial Act include insanity defense examinations within the meaning of "competency"); *United States v. Stockwell,* 743 F.2d 123, 128 (2d Cir. 1984) ("It defies common sense to assume that Congress would have provided an exclusion for competency [to stand trial] examinations in recognition of the delays inherent in such proceedings, but not for sanity examinations which can be equally or more time-consuming and crucial to the outcome of a case."); *United States v. Crosby,* 713 F.2d 1066, 1078 (5th Cir.) ("It would circumvent Congress' intention to provide for a period allowing delays for mental examinations if we interpreted the statute to exclude time for this relatively common and often lengthy type of [insanity] examination."), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983). Barnett has not cited any judicial precedent to the contrary. Accordingly, we join the Ninth, Second, and Fifth Circuits in refusing to limit the applicability of section 3161(h)(1)(A) to examinations related solely to determining competency to stand trial.

## II.

■ Barnett also contends that the trial court erroneously declined to instruct the jury regarding the consequences of a not guilty by reason of insanity verdict. Specifically, Barnett argues that the trial court should have instructed the jury that if they found the defendant to be not guilty by reason of insanity, Barnett would not be released, but would instead be committed to a suitable medical facility until such time as he could prove that he could be released without danger to himself or others. The district court denied Barnett's proffered instruction, ruling that "in deciding this case [the jury] should not be concerned with the effect of their verdict but merely its correctness...." R5–467.

■ We find no error in the district court's refusal to instruct the jury on the consequences of their verdict. In general,

---

1. We also find no error in the district court's calculation of the total time period that represented the "delay" associated with Barnett's mental examination. We reject Barnett's position that the only excludable time was the day of the examination. The statute allows the exclusion of the full "delay," and not merely the exclusion of the exam "day." 18 U.S.C. § 3161(h)(1)(A) (1988).

federal juries are not to be concerned with the consequences to the defendant of their verdict. *See Rogers v. United States,* 422 U.S. 35, 40, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975). Punishment, or the lack thereof, is a matter entrusted to the trial judge. Specifically, our predecessor court has held that juries need not be instructed about the consequences of a not guilty by reason of insanity verdict. *See United States v. McCracken,* 488 F.2d 406, 423 (5th Cir. 1974) ("[T]he punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."). Barnett's proposed instruction focuses on the form that a defendant's punishment might take. Such a focus could shift the jury's attention away from its sole duty of determining guilt or innocence, and may even inappropriately influence a jury's decision. *See id.* at 422–24; *see also Evalt v. United States,* 359 F.2d 534, 546–47 (9th Cir.1966). We have found no precedent diminishing the continued vitality of *Rogers* and *McCracken.*[2]

■ Barnett believes that the passage of the Insanity Defense Reform Act of 1984 requires the trial court to instruct the jury about the consequences of a not guilty by reason of insanity verdict. We disagree with Barnett because the text of the Insanity Defense Reform Act is silent about whether or not such instructions are required in insanity cases. Barnett admits as much in his brief:

> [H]ere there was no statement in the statute whatsoever concerning a disposi-

tional [insanity] instruction. The statute is neither ambiguous or unambiguous. The subject is not mentioned in the statute. Accordingly, the question is not one of statutory construction. There is nothing to constue [sic]. The question is what did Congress assume would happen.

Appellant's Reply Br. at 8–9. Because "[t]he statute does *not* provide that a jury must be instructed regarding the consequences of a finding of not guilty by reason of insanity," *United States v. Frank,* 933 F.2d 1491, 1499 (9th Cir.1991), we must reject Barnett's argument that the Insanity Defense Reform Act changes the law in this circuit. *Accord id.* at 1499–1500.

Congress is able to change longstanding precedent in this circuit only with specific statutory enactments. We will not change course when Congress remains silent on a particular issue, especially when the argument for such a change depends upon our ability to divine accurately what Congress "assumed" would happen if it chose to say nothing.[3]

### III.

Barnett's rights under the Speedy Trial Act were not violated. In addition, the jury was properly instructed. Because our review of this case has discovered no error, we AFFIRM Barnett's conviction.

AFFIRMED.

---

2. Because the consequences on the defendant of a not guilty by reason of insanity verdict was an inappropriate matter for the jury to consider, we also find no abuse of discretion in the trial court's refusal to allow defense counsel to address those consequences in closing argument.

3. We acknowledge Barnett's citation to a Senate committee report that appears to lend some support to Barnett's position. Nevertheless, congressional reports are not law; rather, such reports can only be used to *interpret* statutory language. Here, there is no statutory language to interpret. Accordingly, the committee report does not compel a different result in this case. *See Frank,* 933 F.2d at 1500 (analyzing the same committee report statement relied upon by Bar-

nett) ("This statement does not have the force of law nor does it purport to interpret or explain ambiguous language in the statute regarding [insanity] jury instructions."); *International Bhd. of Elec. Workers Local Union No. 474 v. NLRB,* 814 F.2d 697, 712 (D.C.Cir.1987) ("While a committee report may ordinarily be used to interpret unclear language contained in a statute, a committee report cannot serve as an *independent statutory source having the force of law.").*

The other authority cited by Barnett to support his position on this issue—*United States v. Neavill,* 868 F.2d 1000 (8th Cir.1989), *vacated,* 886 F.2d 220 (8th Cir.1989)—also does not have the force of law, in this circuit or any other.