73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo TRUJILLO, aka El Negro, aka Alexander Quintana Ruiz,
Defendant-Appellant.
 No. 93-50827.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided Dec. 27, 1995.
 
 Before: ALDISERT,* FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Trujillo appeals his conviction for conspiracy to distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Trujillo contends that the delay of nearly seven months between his arraignment (September 8, 1992) and the commencement of trial (March 29, 1993) violated the Speedy Trial Act, 18 U.S.C. Sec. 3161(c)(1). As this issue was not part of Trujillo's Speedy Trial Act motion in the district court, it is waived. See United States v. Stone, 813 F.2d 1536, 1538 (9th Cir.) (holding that claims under the Speedy Trial Act are waived if defendant fails to move for dismissal prior to trial), cert. denied, 484 U.S. 839 (1987); United States v. Lewis, 980 F.2d 555, 559-60 (9th Cir.1992) (deeming motion regarding pre-trial delay insufficient to preserve claim regarding pre-indictment delay). Moreover, Trujillo's briefs on appeal offer no argument on the point and we therefore deem the issue abandoned. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).[1]
 
 II
 
 4
 Trujillo contends that he was denied his Sixth Amendment right to a speedy trial.[2] Assuming that the delay of slightly over a year from the date of his indictment (which in Trujillo's case occurred before his arrest) to trial is "presumptively prejudicial," see Doggett v. United States, 112 S.Ct. 2686 (1992), the remaining factors that we consider under Barker v. Wingo, 407 U.S. 514, 530 (1972), do not weigh in his favor. While he asserted his right to a speedy trial by moving to dismiss on the ground of pre-indictment delay, the delay is not extraordinary, being just over a year, and Trujillo was responsible for most of it. Most importantly, as Trujillo has not shown that the government acted in bad faith or negligently, he must--but has failed to--make a particularized showing of prejudice as Doggett requires. The generalized allegation that his defense was impaired does not suffice.
 
 III
 
 5
 For much the same reason, Trujillo's argument that the 21 month delay between the alleged crime and the date of indictment violates Due Process cannot succeed. A defendant must show actual prejudice, United States v. Valentine, 783 F.2d 1413, 1416 (9th Cir.1986); Trujillo has failed to do so. "[T]he proof must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case." United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985) (citations omitted), cert. denied, 474 U.S. 1102 (1986). Trujillo suggests that he was unable to locate witnesses, but he has not demonstrated that loss of the expected testimony was actually prejudicial. United States v. Horowitz, 756 F.2d 1400, 1405 (9th Cir.), cert. denied, 474 U.S. 822 (1985). Accordingly, there is no due process violation.
 
 IV
 
 6
 Even if reference in the grand jury proceedings to seizure of 424 kilograms of cocaine from someone other than Trujillo, an uncharged crime involving 244 kilograms of cocaine, and a profile stop in which $35,000.00 was found on Trujillo were improper, the error is deemed harmless beyond a reasonable doubt under United States v. Mechanik, 475 U.S. 66 (1986). Guam v. Muna, 999 F.2d 397, 399 (9th Cir.1993). At most, the grand jury might have been misled about whether there was probable cause to indict, and Trujillo's subsequent conviction renders any such error harmless.
 
 V
 
 7
 Trujillo contends that the failure of Special Agent Fong to make contemporaneous notes of interactions between Trujillo and an informant ran afoul of the government's obligations under the Jencks Act, 18 U.S.C. Sec. 3500, and Brady v. Maryland, 373 U.S. 83 (1963). However, Fong did make a report later, and that report was disclosed before trial. He was cross-examined about both the report and his delay in making it. We can't see how this could amount to a discovery violation, or how the fact that notes about Trujillo's payments to the informant to get out of jail were not contemporaneously recorded could have made any difference to the outcome of Trujillo's trial on drug trafficking charges. If there was error, it was surely harmless. United States v. Lehman, 792 F.2d 899, 901 (9th Cir.) cert. denied, 479 U.S. 868 (1986); United States v. Wallace, 848 F.2d 1464, 1471 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Trujillo's claim fails in any event because 70 days were properly excludable due to motions, 18 U.S.C. Sec. 1361(h)(1)(F); United States v. Baker, 10 F.3d 1374, 1400 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994), and 78 days were for continuances at his request, 18 U.S.C. Sec. 1361(h)(8)(A); United States v. Gallardo, 773 F.2d 1496, 1498 (9th Cir.1985). As 201 days elapsed between arraignment and trial, the remaining 53 day delay is well within the 70 allowed under the Act
 
 
 [2]
 In a "reply" brief which we declined to allow him to file because it was lodged eight months late without good cause, and at oral argument, Trujillo makes the essentially inconsistent argument that his Sixth Amendment rights were somehow violated because trial counsel had insufficient time to prepare. This argument is waived because Trujillo failed to raise it in his opening brief. In re Estate of Ferdinand E. Marcos Litigation, 978 F.2d 493, 495 n. 2 (9th Cir.1992), cert. denied, 113 S.Ct. 2960 (1993). Nonetheless, we have considered his argument, and conclude that it is without merit