United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10149
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

SEALED APPELLANT 1

Defendant-Appellant,

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:03-CV-1233)

_____

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We remand for the following reasons:

1.      18 U.S.C. § 4246(f) sets forth the procedure for revocation of the

conditional release of a person committed to the custody of the Attorney General

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1

for psychiatric treatment and care.  Specifically, § 4246(f) provides:

> The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Thus, the statute unambiguously requires that the court make two findings before revoking a conditional discharge: (1) that the person failed to comply with his prescribed regimen of medical, psychiatric, or psychological treatment; and (2) in light of that failure, the person's continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. 18 U.S.C. § 4246(f); *United States v. Woods*, 995 F.2d 894, 896 (9th Cir. 1993).

2.       Relying on the district court's opinion in *United States v. Woods*, 970 F. Supp. 711 (D. Minn. 1997), and the language in § 4246(f), the district court held that it did not need to make a finding on the issue on whether Appellant's continued release would create a  substantial risk of bodily injury to another person or serious damage to property of another.  Based on that holding, the district court denied Appellant's request to continue the hearing for the purpose of obtaining an independent mental health examination.  It specifically stated that "[h]ad dangerousness been an issue to be decided ..., the court would at this time continue the hearing to the end of allowing [Appellant] time to obtain an independent opinion on that issue.  Having concluded that the issue was not

2

relevant, the court does not consider that there is anything to gain by prolonging the hearing." We read *Woods* and the statutory language of § 4246(f) differently.

3.        Although the district court held that whether Appellant's continued release would create a substantial risk of bodily injury to another person or serious damage to property of another was irrelevant, earlier in the same order, the court stated, "under the record now before the court, the court could, and would if relevant, find that, in light of respondent's failure to comply with the prescribed regimen, her continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." This seems to indicate an alternative holding. However, this alternative holding would be inconsistent with the district court's statement in the same order that had "dangerousness" been an issue, it would "continue the hearing to the end of allowing respondent time to obtain an independent opinion on that issue." We therefore remand this case to the district court to make an express finding on whether Appellant's continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. In making such a finding, the district court should, consistent with its order, permit the Appellant to have her own examination by a mental health expert and to present evidence on the issue of whether her continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

The Government's motion to dismiss is denied as moot.

REMANDED WITH INSTRUCTIONS.