United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-10664
Summary Calendar

SEALED APPELLEE,

Petitioner-Appellee,

versus

SEALED APPELLANT,

Respondent-Appellant.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:05-CV-142)

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:*

Sealed Appellant appeals the district court's order placing her in the custody of the

United States Attorney General pursuant to 18 U.S.C. § 4246(d).  Reviewing the record

for clear error, we affirm the order of the district court for the following reasons:

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1. We find no clear error in the district court's holding that Sealed Appellant is presently suffering from a mental disease and defect as a result of which release would create a substantial risk of bodily injury to another person. 18 U.S.C. § 4246(d).

2. The ten-page mental health evaluation by the Government's evaluating psychiatrist, the hearing testimony of the Government's two medical expert witnesses and the actions, writings, and testimony of Sealed Appellant support this conclusion.

3. Sealed Appellant presented no medical evidence to contradict the opinions of the Government's experts, having refused to be interviewed and examined by the court's independent mental health expert designated at her counsel's request. While one examining psychiatrist stated that Sealed Appellant would likely present little or no risk to others if she received appropriate psychiatric medication and treatment, Sealed Appellant has consistently refused such mental health care even in a restrictive environment. There is no evidence to suggest that, upon release from a structured facility, Sealed Appellant would be able and willing to receive appropriate treatment and medication, without which the medical experts agree she would likely represent a danger to others.

4. Given the weight of the evidence suggesting that Sealed Appellant suffers from a severe mental illness requiring custodial psychiatric care and

treatment and Sealed Appellant's failure to present evidence to the contrary, the district court did not err in ordering her committed to the custody of the Attorney General until she is no longer in need of such care. See United States v. Muhammad, 165 F.3d 327, 336 (5th Cir. 1999).

AFFIRMED.