**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6581**

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

        v.

CORNELL M. TAYLOR,

                Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, District Judge.  (5:06-HC-02196-br)

Submitted:  February 19, 2009      Decided:  February 23, 2009

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornell M. Taylor appeals from the district court's order finding that he had violated the terms of his conditional release and recommitting him pursuant to 18 U.S.C. § 4246 (2006). On appeal, Taylor contends that the court erred in revoking his conditional release because there was insufficient evidence of Taylor's risk to person or property in the community and the court failed to make factual findings on the statutory elements of conditional release. Finding no error, we affirm.

To be permitted to remain on conditional release in the community after a civil commitment, Taylor must have recovered from his mental disease or defect to such extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. See 18 U.S.C. § 4246(e). A district court's denial of release under 18 U.S.C. § 4246(d) is a factual determination that will not be overturned unless it is clearly erroneous. See United States v. Woods, 995 F.2d 894, 896 (9th Cir. 1993); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).

2

We conclude that the district court did not clearly err in revoking Taylor's conditional release. Taylor admitted violating the terms of his release on two occasions when he left his living facility, consumed alcohol, and returned to the facility. After consumption, Taylor was not immediately able to take his prescribed medications. Following the second incident, Taylor stated that he could not cope with the conditional release plan.

The district court shall remand a conditionally released person to a suitable facility if it finds that (1) the person has "fail[ed] to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment;" and (2) that in light of the person's failure, "his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(f). The court previously found by clear and convincing evidence that without commitment, there is a substantial risk of bodily injury. Use of alcohol and failure to take prescribed medications are "major factors in determining potential dangerousness." United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994).

Taylor also argues that the district court erred by failing to place facts related to his violations on the record or in the order revoking his conditional release. However, the

3

full record before the court supported the court's findings. Further, the motions and letters regarding Taylor's conduct were served on counsel and received and submitted to the court prior to sentencing. We therefore conclude that the district court's findings are sufficient and it did not clearly err in revoking Taylor's conditional release.

Accordingly, we affirm the district court's order revoking conditional release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED