**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-8230**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARC MARK GAGNON,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.  James P. Jones, Chief
District Judge.  (2:06-cr-00011-jpj-pms-1)

_____

Submitted:  September 10, 2009      Decided:  September 14, 2009

_____

Before KING, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY,
Charlottesville, Virginia, for Appellant.  Julie C. Dudley,
United States Attorney, Zachary T. Lee, Assistant United States
Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Mark Gagnon appeals from the district court's order denying his motion for conditional release.[1] On appeal, Gagnon contends that the court erred in its determinations that he had not recovered from his mental disease sufficiently to be conditionally released under a prescribed regimen of treatment, that the medical staff under whose care Gagnon had been had insufficient opportunity to properly assess the sincerity of Gagnon's statements and struggled to distinguish between Gagnon's progress and goal oriented behavior, and that there was no evidence presented regarding the conditions under which Gagnon would be released. Finding no reversible error, we affirm.

To be permitted to be released on conditional release in the community after a civil commitment, Gagnon must have recovered from his mental disease or defect to such extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. See 18 U.S.C. § 4246(e). A district court's denial of

---

[1] The charge upon which Gagnon's civil commitment pursuant to 18 U.S.C. § 4243(d) (2006), was based was interstate stalking, in violation of 18 U.S.C.A. § 2261A (West Supp. 2008). The charge arose from his serious threats to and obsession with a well-known actress. Gagnon has a long history of mental illness, having been diagnosed with schizophrenia more than ten years ago.

release under 18 U.S.C. § 4246(d) is a factual determination that we will not overturn unless it is clearly erroneous. See United States v. Woods, 995 F.2d 894, 896 (9th Cir. 1993); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).

We conclude that the district court did not clearly err in denying Gagnon's conditional release. Despite the recommendation of the treatment team favoring conditional release, Gagnon's treating psychologist testified that Gagnon regularly and repeatedly denied any mental illness and refused to comply with his treatment team's recommendations regarding medication. He testified that Gagnon's progress at the facility had "been fairly minimal," and that Gagnon continues to suffer from paranoid schizophrenia. He further attested that Gagnon occasionally suppressed his delusional condition and his motivations.[2] Gagnon still clearly maintains his delusional

---

[2] For example, after Gagnon became aware that the victims had expressed fear to the court that he would cause them substantial harm if released, he met with his treatment team minutes before his hearing and, for the first time, acknowledged his mental illness.

3

beliefs regarding his relationship with the victim of his violent threats, and attempted to contact her indirectly on several occasions while committed and taking his medication, including shortly before making his application for release, and after claiming to his treatment team that he had no desire to contact her.

On these facts, we can find no clear error in the district court's denial of conditional release. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>