REVISED February 15, 2012

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-11163

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

December 19, 2011

Lyle W. Cayce
Clerk

SEALED APPELLEE,

>Petitioner - Appellee

v.

SEALED APPELLANT,

>Respondent - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before CLEMENT, OWEN, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

The issue before this court is whether sufficient, accurate facts warranted revocation of the conditional discharge for medical treatment of a person ("C.K."). We hold that the revocation was proper, because the provisions of Title 18, United States Code § 4246(f) were adhered to. Specifically, the district court held a hearing, at which time two expert forensic psychologists testified. Having acquainted itself with the danger of her state, the district court made a present determination that in light of C.K.'s failure to comply with her treatment regimen, her continued release would create a substantial risk of harm to others.

Section 4246 ("Hospitalization of a person due for release but suffering from mental disease or defect"), in Chapter 313 ("Offenders with Mental Disease or Defect"), contemplates a continuum of events protective of the public and also of persons who are involuntarily hospitalized under commitment to the Attorney General. C.K. has progressed through this continuum, subject to periodic review in district court and this court. After pleading guilty to bank fraud, C.K. was sentenced to time served and a five year supervised release period. During C.K.'s supervised release, however, and on May 12, 2005, pursuant to Section 4246(a)-(d), she was committed to the custody of the Attorney General, based on clear and convincing evidence that she was "suffering from a mental disease or defect as a result of which [her] release would create a substantial risk of bodily injury to another person . . . ." 18 U.S.C. § 4246(d)(2). We affirmed this commitment order. Sealed Appellee v. Sealed Appellant, 185 F. App'x 345 (5th Cir. 2006).

On June 14, 2006, pursuant to Section 4246(e), the district court conditionally discharged C.K. based on a preponderance of the evidence that her conditional release under a prescribed treatment regimen "would no longer create a substantial risk of bodily injury to another person . . . ." 18 U.S.C. § 4246(e)(2).

On November 5, 2010, after hearings on September 15, 2010, and November 1, 2010, and pursuant to Section 4246(f), the district court revoked the conditional release of C.K. and entered the order on review.

Subsection (f), which pertains to "[r]evocation of conditional discharge," states that a court:

> shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of [her] failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, [her] continued release would create a substantial risk of bodily injury to another person . . . .

18 U.S.C. § 4246(f). C.K. observed in district court and now again on appeal that this language—unlike the antecedent subsections (d)[1] and (e)(2)[2]—does not specify the level of convincing force that the evidence must show about a substantial risk of harm to warrant revocation.

C.K. contended in district court that such proof of a substantial risk of harm must rise to a clear and convincing level. The district court correctly observed, however, that applying this level of proof to the revocation process has neither legal nor logical basis. The plain language of subsection (f) does not require the higher clear and convincing evidence standard, and the internally coherent structure of Section 4246 would be undermined. A contumacious person could violate release conditions yet continually relitigate against commitment under subsection (d)'s clear and convincing proof standard. Moreover, lifting the heightened burden from subsection (d) into subsection (f) would impede the operation of subsection (e), which prescribes that release is proper when a preponderance of the evidence demonstrates a recovery to such an extent that a substantial risk of harm no longer exists. Indeed, subsection (e) explains further that courts "at any time may, after a hearing employing the same criteria, modify or eliminate" a conditional release regimen. 18 U.S.C. § 4246(e). This subsection (e) evidentiary showing necessary to modify or eliminate conditional release should not be circumvented by persons who violate terms of release yet then oppose revocation and commitment on the ground that the district court must re-find clear and convincing proof of a substantial risk of harm.

---

[1] Subsection (d) governs involuntary hospitalizations, based on clear and convincing evidence of a mental infirmity as a result of which a release would create a substantial risk of harm. 18 U.S.C. § 4246(d).

[2] Subsection (e) governs discharges from involuntary hospitalization, based on a preponderance of the evidence that the person has recovered to such an extent that release would no longer create a substantial risk of harm. 18 U.S.C. § 4246(e).

Instead, we hold that the proceedings that have occurred in this case adhered to the requirements and protective logic of Section 4246. To justify C.K.'s original involuntary hospitalization order, the district court found that the evidence met the heightened burden of proof standard that Congress imposed for commitment, namely, a substantial risk of harm shown to a clear and convincing level. 18 U.S.C. § 4246(d).[3] Thereafter, to grant C.K. her conditional discharge, the district court found that the evidence met the ordinary civil burden of proof that Congress imposed to obtain release, namely, a preponderance of the evidence of a recovery to such an extent that release according to a medical treatment regimen would no longer create a substantial risk of harm. 18 U.S.C. § 4246(e). Then, once conditionally released, but upon proof of a violation of a release term, the district court ordered revocation and remand "to a suitable facility" on the ground that "continued release would create a substantial risk of bodily injury . . . ." 18 U.S.C. § 4246(f).[4]

This appeal, and C.K.'s two points of alleged error, relate to the third of these determinations, the district court's November 5, 2010 revocation order pursuant to subsection (f). First, we reiterate the twin findings necessary for a Section 4246(f) revocation order, i.e., a failure to comply with a conditional release treatment regimen and also a contemporaneous finding that, "in light of [her] failure to comply . . . [her] continued release would create a substantial risk of bodily injury to another person . . . ." Id.; see United States v. Sealed Appellant 1, 169 F. App'x 415, 416-17 (5th Cir. 2006). Second, we hold that the

---

[3] See also Addington v. Texas, 441 U.S. 418, 432-33 (1979) (holding that the burden of proof must be "greater than the preponderance-of-the-evidence standard" in a civil commitment proceeding).

[4] For further clarification, these statutory provisions in contested proceedings presuppose burdens of persuasion as follows: subsection (d)'s commitment mechanism, on the government; subsection (e)'s discharge mechanism, on the person seeking release, or modification or elimination of terms of conditional release; and subsection (f)'s revocation and re-commitment mechanism, on the government.

fair preponderance of evidence standard, not challenged as the standard appropriate to decide whether the violative conduct occurred,[5] also applies to the twin finding of a substantial risk of harm. In that regard, we do not perceive in the plain language of subsection (f) (or caselaw pertaining to it or similar revocation provisions, such as 18 U.S.C. §§ 4243(g) and 4248(f)), a rebuttable presumption for or against release carrying over from subsections (d) or (e), favoring or disfavoring discharge. Instead, given the flux and purpose to encourage treatment recovery, balanced with the imperative of public safety, we emphasize that each substantial risk finding in Section 4246's three aforementioned provisions must be contemporaneous.

Applying these two interpretations of the statute to the case before us, we recognize that the district court received expert hearing testimony devoted to the substantial risk question. The district court recessed its first hearing to permit observation of C.K. by a government and a private psychologist, whereafter the district court reconvened its hearing and probingly asked both experts about their substantial risk assessments. At the conclusion of this second hearing, the district court, speaking in the present tense, made clear that "I have not been persuaded by any evidence that the finding previously made on that subject [whether release would create a substantial risk of bodily injury] should be changed or that that's not in fact the case." This finding, in turn, explicitly was incorporated in the district court's subsequent written order of November 5, 2010 ("The court adopts all findings and conclusions expressed on the record by the court at such hearing.").[6]

---

[5] Compare 18 U.S.C. § 3583(e)(3) (revocation of supervised release to require a defendant to serve "in prison all or part of the term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .").

[6] Throughout the two-hundred page transcript of the November 1 hearing devoted to whether C.K.'s failure to comply with her treatment regimen meant that her re-release would

We hold that the hearings, and especially the extensive expert testimony taken in this case on November 1, 2010, coupled with the district court's present tense finding of fact at the conclusion of these hearings, were sufficient to support revocation of C.K.'s conditional discharge and belie the argument that C.K. was confined based on no risk of harm, contravening Section 4246 and O'Connor v. Donaldson, 422 U.S. 563 (1975).

C.K.'s second contention of error pertains to seven letters admitted at the September 15, 2010 hearing. Subsection (f), again unlike its antecedent provisions in Section 4246, does not explicitly require that revocation hearings conform to the hearing provision of Section 4247(d) which, in turn, not only guarantees representation by counsel, but also that:

> [t]he person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on [her] behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. § 4247(d). However, these rights conferred by Section 4247(d) are said, in that subsection itself, to apply to "a hearing ordered pursuant to this chapter . . . ." Id. Consequently, we hold that the hearing rights elaborated in Section 4247(d) apply also to revocation hearings pursuant to Section 4246(f). We hold also that the district court in the instant revocation proceedings complied with, and provided to C.K., each protection listed, and specifically what she terms her "statutory right to confrontation."

---

present a substantial risk of harm, the district court invited the parties to cooperate to present a subsection (e) modified conditional release "solution" which would enable C.K. to continue in a conditional discharge status based on a preponderance of evidence showing that the terms of any revised conditional release could protect against a substantial risk of harm to others. Also, the district court rejected C.K.'s suggestion that it must ignore or even redo its 2005 clear and convincing finding of a substantial risk which commenced C.K.'s hospitalization. However, that original finding is almost seven years old, and has been conceded to have been close at that time, hence we clarify that the 2005 finding created no "rebuttable presumption" that negated the district court's present obligation to re-assess whether, in light of her proven failure in 2010 to comply with release conditions, C.K.'s continued release would create a substantial risk of bodily injury to another person.

C.K.'s evidentiary objections occurred during the first hearing on September 15, 2010, when the district court received documentary items which pertained to whether she had failed to comply with her treatment regimen. Five were letters the district court sufficiently authenticated as written by C.K., hence admissible as not hearsay. Fed. R. Evid. 801(d)(2)(A); see also Fed. R. Evid. 104; Fed. R. Evid. 1101(d)(1). Another, government exhibit 2, was a four-sentence letter authored by the program director of C.K.'s treatment regimen to the district court and C.K.'s probation officer stating that C.K. had failed to appear for treatment on a specific date. The district court, in the hearing, ascertained that the Missouri treatment center works under contract with the supervising United States probation office. See United States v. Lykes Bros. S.S. Co., 432 F.2d 1076, 1079-1080 (5th Cir. 1970). And the final letter, government exhibit 3, was authored by C.K.'s probation officer to the United States Attorney's Office, describing that officer's supervision of C.K. and investigation of her failure to comply with release conditions. Both of these last two letters were found to be admissible under Fed. R. Evid. 803(8)'s hearsay exception for public records and factual findings in civil proceedings, although the former would also, in its neutral statement of medical treatment not administered, appear to be admissible under Fed. R. Evid. 803(4). Both contain matters observed and consistent with firsthand knowledge, though government exhibit 3 does attribute several statements to C.K.'s sister. See Moss v. Ole South Real Estate, Inc., 933 F.2d 1300, 1309-1310 (5th Cir. 1991). C.K. made no showing to the district court that "the source[s] of information [or] other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C); see generally Beech Aircraft Corp. v. Rainey, 488 U.S. 153 (1988). In fact, Cheryl Smallwood, C.K.'s probation officer, the author of government exhibit 3, and a recipient of government exhibit 2, testified at the September 15 hearing, and counsel for C.K. declined to cross-examine her at all. C.K. has acknowledged on appeal that

it is "uncontested . . . that she did not meet with her supervising officer," as required by her conditional release terms. Consequently, we hold that the district court did not abuse its discretion in admitting these seven items over C.K.'s hearsay contentions.[7]

AFFIRMED.

---

[7] C.K.'s extended complaint on appeal that the district court admitted these letters "by analogy to" or "in reliance on" United States v. Grandlund, 71 F.3d 507 (5th Cir. 1995), is misplaced. The district court adverted to the evidence reliability analysis we approved for supervised release revocations in Grandlund, but made its evidentiary rulings in the instant matter with reference to and consistent with the Federal Rules of Evidence.