**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7126**

UNITED STATES OF AMERICA,

Petitioner – Appellee,

v.

RONALD EDWARD SOOBRIAN,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:13-hc-02092-BR)

Submitted:  May 19, 2014              Decided:  May 20, 2014

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Joseph B. Gilbert, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Edward Soobrian appeals the district court's order finding that he satisfies the criteria for commitment set forth at 18 U.S.C. § 4246(d) (2012) and ordering his commitment to the custody of the Attorney General. We affirm.

At a hearing, Dr. Adeirdre Stribling-Riley, a psychologist who is Soobrian's primary evaluator at FMC-Butner, testified that Soobrian suffers from schizoaffective disorder, bipolar type, and antisocial personality disorder. She described Soobrian as extremely hostile and threatening. He has a long history of assaulting others without provocation by his victims. Dr. Stribling-Riley testified that Soobrian will injure or harm someone if given the opportunity to do so. He could not be expected to be compliant with a medication regimen.

Dr. Stribling-Riley concluded that Soobrian's release would create a substantial risk of bodily harm to others or serious damage to the property of others. Based on this testimony and other evidence of record, including forensic reports generated by staff at FMC-Butner and by Dr. Groddy, an independent evaluator, the district court found by clear and convincing evidence that Soobrian satisfied the criteria for commitment under § 4246(d).

After reviewing the record, we hold that the district court did not clearly err in its determination that Soobrian

2

suffers "from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." See 18 U.S.C. § 4246(d); United States v. Cox, 931 F.2d 1431, 1433 (4th Cir. 1992) (stating standard of review). We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED