**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7665**

UNITED STATES OF AMERICA,

           Petitioner - Appellee,

    v.

GARY DEBENEDETTO,

           Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:14-hc-02172-BR)

Submitted: July 24, 2015          Decided: August 18, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Debenedetto appeals the district court's order committing him to the custody of the Attorney General in accordance with 18 U.S.C. § 4246(d) (2012). We affirm.

A person may be committed under § 4246 if, after a hearing, the district court "finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The district court's finding that the Government has established dangerousness under § 4246 by clear and convincing evidence will not be overturned on appeal unless it is clearly erroneous. United States v. LeClair, 338 F.3d 882, 885 (8th Cir. 2003); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

Dr. Robert Lucking—a staff psychiatrist at the Federal Medical Center in Butner, North Carolina ("FMC Butner")—issued a report concluding that Debenedetto suffers from schizoaffective disorder and antisocial personality disorder and that his mental illness is such that his release would pose a substantial risk of bodily injury to another person or serious damage to the property of another. This opinion was based on the following: Debenedetto's past history of violence—which encompassed his "substantial history and well established pattern" of both

2

verbal and physical aggression directed against other individuals; his mental illness and the combination of that illness and his alcohol use, factors the report described as resulting in a "substantial increased risk for dangerous/aggressive behavior"; his lack of insight into his mental illness and refusal of treatment; his history of offenses involving firearms and other weapons; his lack of "significant social support" and "meaningful social relationships with others"; his "poor adjustment" to the institutions to which he had been committed; and his scores on violence assessment instruments.

Independent evaluator Dr. Katayoun Tabrizi issued a report concluding that Debenedetto suffers from schizoaffective disorder and adult antisocial behavior and had several risk factors associated with an increased risk of future violence, namely: the nature of his untreated mental illness; his history of aggressive and violent behavior; his lack of social support and financial stability, and his unemployment; his lack of insight into his mental illness and the need for treatment; and evidence of "excessive" alcohol use. In view of these factors, Dr. Tabrizi opined that Debenedetto was suffering from a mental disease as a result of which his release into the community would create a substantial risk of bodily injury to another person or serious damage to the property of another.

At a hearing, Dr. Lucking testified as an expert in forensic psychiatry. Consistent with his report, Dr. Lucking testified that Debenedetto was then not receiving treatment for his disorders based on his refusal of treatment, did not believe he had a mental disorder, had an extensive criminal history, and had been disruptive, verbally threatening, and physically assaultive while housed in institutions within the Federal Bureau of Prisons. Dr. Lucking testified further that both he and a risk assessment panel who evaluated Debenedetto concurred in the opinion that Debenedetto's release into the community would pose a substantial risk of bodily injury to another and destruction to the property of another, and he summarized the factors considered in reaching that opinion. Based on this testimony and the forensic reports generated by Dr. Lucking and Dr. Tabrizi, the district court found by clear and convincing evidence that Debenedetto satisfied the criteria for commitment under § 4246(d).

Debenedetto argues on appeal that his substantial dangerousness was not established by clear and convincing evidence because he had never physically assaulted officers while at FMC Butner and because his underlying federal charges did not involve "any physical assaults or violent behavior." We reject this argument. As Debenedetto acknowledges, overt acts of violence are not required to prove substantial dangerousness

4

in a § 4246(d) case.  United States v. Williams, 299 F.3d 673, 677 (8th Cir. 2002).  Further, Debenedetto ignores information in both Dr. Lucking's and Dr. Tabrizi's reports and Dr. Lucking's hearing testimony that Debenedetto made violent threats and engaged in physically aggressive behavior connected to his mental illness.

We also reject Debenedetto's remaining arguments.  Even if Debenedetto had not experienced auditory hallucinations and was not experiencing paranoia or persecutory or delusional beliefs at the time of the hearing, the district court was entitled to consider his risk of dangerousness in light of his entire symptom profile, not just its most recent manifestation at the time of the commitment hearing.  See id.  Additionally, even if Debenedetto is intelligent and has a valid fear about allergies to antipsychotic medications, it is plain from the record that he suffers from psychotic mental illness with symptoms directly connected to aggressive behavior and a substantial risk of bodily injury or serious damage to the property of another.  Further, even if Dr. Lucking's report is not a "crystal ball" of future behavior as Debenedetto claims, a finding of substantial risk under § 4246 "may be based on any activity that evinces a genuine possibility of future harm to persons or property."  United States v. Sahhar, 917 F.2d 1197, 1207 (9th Cir. 1990).

5

Based on the entirety of Debenedetto's behavioral, psychiatric, and symptom profile, the district court did not clearly err in its determination that Debenedetto suffers from a mental disease as a result of which his release would create a substantial risk of bodily injury to another or serious damage to the property of another.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED