JAMES C. DEVER III, United States District Judge *574 On September 25, 2018, the United States moved for reconsideration of this court's order of September 11, 2018. See [D.E. 98]. In that order, this court granted Oliver Lee White's ("White" or "respondent") motion for a competency hearing, scheduled that hearing for November 29, 2018, and ordered "an examination of White under 18 U.S.C. § 4247(b) in order to determine whether White is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings under 18 U.S.C. § 4248 against him or to assist properly in his defense." [D.E. 95] 2. On October 15, 2018, White responded in opposition [D.E. 100]. On October 29, 2018, the United States replied [D.E. 101].
This court has the discretion to reconsider its order. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). As explained below, the court denies the government's motion for reconsideration.
I.
In this court's order of September 11, 2018, the court described the procedural history of White's criminal cases that repeatedly were dismissed without prejudice due to his incompetence, his evaluations under 18 U.S.C. § 4246 where doctors repeatedly concluded that he was not presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and his section 4248 case. See [D.E. 95] 2-7. The court then explained the textual rationale for concluding that this court could order a competency examination of White. See id. at 8. The court noted that 18 U.S.C. § 4248(b) expressly permits a court to order a competency examination under 18 U.S.C. § 4247(b) for a person facing civil commitment under 18 U.S.C. § 4248. See 18 U.S.C. § 4248(b) ("Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."). " Section 4247(b), in turn, permits this court to order an examination under section 4241 to determine 'whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.' " [D.E. 95] 8 (quoting 18 U.S.C. § 4247(c)(4)(A) ) (emphasis added). The court construed the word "proceedings" in section 4247(c)(4)(A)"to include a section 4248 proceeding." Id. Thus, the court ordered "an examination of White under 18 U.S.C. § 4247(b) to determine whether White is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings under 18 U.S.C. § 4248 against him or to assist properly in his defense in the section 4248 proceeding." Id.
In opposition to these conclusions, the government argues that 18 U.S.C. §§ 4247 - 48 never permit a court to order a competency examination or to hold a competency hearing in a section 4248 proceeding. See [D.E. 99] 5-6. The court rejects the argument that it can never order a *575 competency examination in a section 4248 proceeding. Section 4248 states that "[p]rior to the date of the [ section 4248 hearing to determine whether the person is a sexually dangerous person], the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4248(b). In turn, section 4247(c) permits the court to receive a psychiatric or psychological report. See 18 U.S.C. § 4247(c).[1] Section 4247(c) provides a list of what the psychiatric or psychological report "shall include," but the word "include" reflects that "the list that follows is meant to be illustrative rather than exhaustive." Samantar v. Yousuf, 560 U.S. 305, 317, 130 S.Ct. 2278, 176 L.Ed.2d 1047 (2010) ; see Burgess v. United States, 553 U.S. 124, 131 n.3, 128 S.Ct. 1572, 170 L.Ed.2d 478 (2008). Thus, section 4247(c) permits a court in a section 4248 proceeding to order that a psychiatric or psychological report concerning a person in a section 4248 proceeding assess not only a person's sexual dangerousness, but also that person's competence to understand the nature and consequences of the section 4248 proceeding against him or to assist properly in his defense. Moreover, it is the government, not this court, that is seeking to ignore the plain text of 18 U.S.C. §§ 4247 - 48. Cf. Pereira v. Sessions, --- U.S. ----, 138 S.Ct. 2105, 2118, 201 L.Ed.2d 433 (2018) ("Unable to find sure footing in the statutory text, the Government... pivot[s] away from the plain language and raise[s] a number of practical concerns. These practical considerations are meritless and do not justify departing from the statute's clear text."); Burrage v. United States, 571 U.S. 204, 218, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) (same). Furthermore, given the court's authority under 18 U.S.C. §§ 4247 - 48 to order a psychiatric or psychological examination and to obtain a psychiatric or psychological report concerning competency, the court *576 rejects the government's argument that the court cannot hold a competency hearing in a section 4248 proceeding. See Zadvydas v. Davis, 533 U.S. 678, 689, 696-97, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (concluding that, to avoid constitutional doubt, a federal immigration statute contained an implicit reasonable time limitation for the detention of aliens ordered removed); United States v. Timms, 664 F.3d 436, 452 (4th Cir. 2012) (concluding that, to avoid constitutional doubt, the Adams Walsh Act implicitly permits a court to hold a probable cause hearing in a section 4248 case).
The government also argues that "section 4241 applies only in the criminal context" and that this court can never inquire into a person's "competence" to understand the nature and consequences of a section 4248 proceeding or to assist properly in his defense in a section 4248 proceeding. See [D.E. 99] 7-9. Assuming without deciding that 18 U.S.C. § 4241 applies only in the criminal context, the government's argument concerning section 4241 and competence ignores that being "subject to the provisions of section[ ] 4248"[2] does not prohibit a court from inquiring into whether a person is competent to understand the nature and consequences of the section 4248 proceeding against him or to assist properly in his defense when the person contests all three elements under the Adam Walsh Act. See 18 U.S.C. § 4247(b), (c).[3] Had Congress intended to preclude a court from ever examining such a person's competence to understand the nature and consequences of the section 4248 proceeding against him and to properly assist in his defense, Congress could have said so. It did not.
That Congress did not prohibit a court from ever inquiring into a person's competence to understand the nature and consequences of the section 4248 proceeding against him and to assist properly in his defense makes sense. The Supreme Court repeatedly has held that the "criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (quotation omitted); see Medina v. California, 505 U.S. 437, 446-53, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Mental competence in a criminal case requires a person to have (1) a rational and factual understanding of the proceeding against him and (2) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. See Indiana v. Edwards, 554 U.S. 164, 170, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008) ; Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ; Dusky v. United States, 362 U.S. 402, 402-03, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam).
Of course, a section 4248 proceeding is a civil proceeding, not a criminal *577 proceeding. See United States v. Comstock, 560 U.S. 126, 129-33, 142-46, 130 S.Ct. 1949, 176 L.Ed.2d 878 (2010). Nonetheless, a civil proceeding under section 4248 is not an "ordinary civil matter." United States v. Searcy, 880 F.3d 116, 125 (4th Cir. 2018) (quotation omitted). Rather, the statutory procedures for a civil commitment hearing under section 4248"differ substantially from those that apply to a run-of-the mill civil case in that they afford individuals rights traditionally associated with criminal proceedings, including the right to appointed counsel, the right to confront witnesses, and a heightened burden of proof." Id. Congress added these procedural safeguards because "a negative outcome in such a proceeding results in a 'massive curtailment of liberty' " and requires due process protection. United States v. Wood, 741 F.3d 417, 423 (4th Cir. 2013) (quoting Vitek v. Jones, 445 U.S. 480, 491, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) ). Moreover, if this court construed 18 U.S.C. §§ 4247 - 48 to prohibit a court from inquiring into a person's competence to understand the section 4248 proceeding and to assist properly in his defense when that person contests all three elements under the Adam Walsh Act, the statute would raise grave constitutional concerns. Cf. Comstock, 560 U.S. at 129-33, 137-49, 130 S.Ct. 1949 ; Jackson v. Indiana, 406 U.S. 715, 720-39, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) ; Greenwood v. United States, 350 U.S. 366, 373-76, 76 S.Ct. 410, 100 L.Ed. 412 (1956) ; Wood, 741 F.3d at 423-25. After all, "[c]ompetence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf ...." Cooper, 517 U.S. at 354, 116 S.Ct. 1373 (quotation omitted). The plain text of 18 U.S.C. §§ 4247 - 48 avoids these grave constitutional concerns. Cf. Clark v. Martinez, 543 U.S. 371, 381-82, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005) (constitutional-avoidance canon provides a tool for choosing between competing plausible interpretations of a statute and choosing the statutory interpretation that avoids the constitutional problem); INS v. St. Cyr, 533 U.S. 289, 299-300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (same); Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988) (collecting cases); Crowell v. Benson, 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932) ; United States ex rel. Attorney Gen. v. Del. & Hudson Co., 213 U.S. 366, 407, 29 S.Ct. 527, 53 L.Ed. 836 (1909) ; see also Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 345-48, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).
The nature of the section 4248 proceeding bolsters the conclusion that a court can inquire into a person's competence where that person contests all three elements under the Adam Walsh Act. In a section 4248 proceeding, the court must hold "a hearing to determine whether the person is a sexually dangerous person." 18 U.S.C. § 4248(a). The Adam Walsh Act defines a "sexually dangerous person" as "a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." Id. § 4247(a)(5). "[S]exually dangerous to others" means "that the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." Id. § 4247(a)(6). In a section 4248 proceeding, the United States must prove three elements by clear and convincing evidence before the court can commit the person to the custody of the Attorney General. Id. § 4248(d) ; see *578 Comstock, 560 U.S. at 130-32, 130 S.Ct. 1949 ; United States v. Bell, 884 F.3d 500, 502-03, 508-10 (4th Cir. 2018) ; United States v. Perez, 752 F.3d 398, 407 (4th Cir. 2014) ; United States v. Antone, 742 F.3d 151, 158 (4th Cir. 2014) ; United States v. Heyer, 740 F.3d 284, 291-92 (4th Cir. 2014) ; Wood, 741 F.3d at 419 ; United States v. Bolander, 722 F.3d 199, 206 (4th Cir. 2013) ; United States v. Wooden, 693 F.3d 440, 442 (4th Cir. 2012) ; United States v. Francis, 686 F.3d 265, 268 (4th Cir. 2012) ; United States v. Hall, 664 F.3d 456, 461-63 (4th Cir. 2012). Specifically, the United States must prove: (1) the person has engaged in or attempted to engage in sexually violent conduct or child molestation; (2) the person suffers from a serious mental illness, abnormality, or disorder; and, (3) as a result of the serious mental illness, abnormality, or disorder, the person would have serious difficulty in refraining from sexually violent conduct or child molestation if released. See, e.g., Antone, 742 F.3d at 158-59.
The central focus of the first element under the Adam Walsh Act looks back in time and requires the United States to prove by clear and convincing evidence at least one instance of actual or attempted sexually violent conduct or child molestation. In nearly every Adam Walsh Act case, the respondent does not contest the first element, and the United States simply presents a judgment of conviction from a criminal case where the respondent was convicted of actual or attempted sexually violent conduct or child molestation.[4] In this case, however, White has never been convicted of any crime, much less actual or attempted sexually violent conduct or child molestation. Thus, during the trial in this section 4248 proceeding, the United States will have to present witnesses and evidence concerning the first element. The United States also will present arguments to the court seeking to persuade the court that the United States has proven that White has engaged in at least one instance of actual or attempted sexually violent conduct or child molestation. Likewise, during the trial in this section 4248 proceeding, White will have the opportunity to challenge the government's evidence and witnesses concerning the first element, present his own evidence and witnesses, and present arguments to the court seeking to persuade the court that the government has failed to prove that White has engaged in at least one instance of actual or attempted sexually violent conduct or child molestation.
When a respondent contests all three elements under the Adam Walsh Act (as White does), the statutory scheme permits a court to inquire into whether the respondent has (1) a rational and factual understanding of the section 4248 proceeding against him and (2) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. See 18 U.S.C. §§ 4247 - 48. Absent such an inquiry, the respondent faces the prospect of indefinite commitment arising *579 from a trial focused on both his past conduct and present mental condition even though he lacks the capacity to understand the section 4248 trial or to participate rationally in his defense. Permitting such a trial and ensuing commitment to occur would violate procedural due process. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ; see also Jackson, 406 U.S. at 731-39, 92 S.Ct. 1845.
II.
In opposition to the court's conclusion that it can inquire into a respondent's competence in a section 4248 proceeding where respondent contests all three elements, the government argues that the first element in an Adam Walsh Act case does not require a prior criminal act. See [D.E. 101] 1-2; United States v. Comstock, 627 F.3d 513, 520 (4th Cir. 2010). The government also argues that the first element in an Adam Walsh Act case does not require criminal scienter coupled with attempted or actual sexually violent conduct or child molestation. See [D.E. 101] 2; Kansas v. Hendricks, 521 U.S. 346, 362, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). Moreover, the government argues that "Volitional impairment-not prior misconduct-is the gravamen of the civil commitment inquiry," that the Adams Walsh Act provides "the minimum safeguards required by the Fifth Amendment," and that those safeguards do not require that a respondent who contests all three elements be competent. [D.E. 101] 2-7.
The court agrees that the first element in an Adam Walsh Act case requires proof by clear and convincing evidence that respondent engaged in actual or attempted sexually violent conduct or child molestation but does not require a prior criminal act. See Comstock, 627 F.3d at 520 ; accord Allen v. Illinois, 478 U.S. 364, 370-71, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986). The court also agrees that the first element in an Adam Walsh Act case does not require proof of criminal scienter coupled with actual or attempted sexually violent conduct or child molestation. See Hendricks, 521 U.S. at 362, 117 S.Ct. 2072. The court also agrees that "volitional impairment" is the focal point of the second and third elements in every Adam Walsh Act case, but the court does not agree with the government's implicit argument that the first element is irrelevant. See Bell, 884 F.3d at 508 ; Perez, 752 F.3d at 407 ; Antone, 742 F.3d at 158 ; Heyer, 740 F.3d at 291-92 ; Wood, 741 F.3d at 419-24 ; Bolander, 722 F.3d at 206-07 ; Hall, 664 F.3d at 462-63. Rather, the first element is a required element of proof. More fundamentally, the court disagrees with the government's argument that the Adams Walsh Act does not require that a person who contests all three elements in a proceeding under 18 U.S.C. § 4248 be competent. The court also disagrees with the government that if the Adam Walsh Act permits the trial and commitment under 18 U.S.C. § 4248 of an incompetent person who contests all three elements, then such a proceeding would comport with procedural due process.
A.
As for whether the Adams Walsh Act requires that a person who contests all three elements in a proceeding under 18 U.S.C. § 4248 be competent, this court already has explained the textual rationale permitting the court to receive a psychiatric or psychological report concerning competency in a section 4248 proceeding. See 18 U.S.C. §§ 4247 - 48. The court also has explained that the ability to receive such a report also gives the court authority to hold a hearing and to provide relief to an incompetent person who contests all three elements. See Zadvydas, 533 U.S. at 689, 696-97, 121 S.Ct. 2491 ; Timms, 664 F.3d at 452.
*580 B.
Alternatively, if the Adams Walsh Act permits the trial and commitment of an incompetent person who contests all three elements, then such a proceeding would not comport with procedural due process. See Mathews, 424 U.S. at 335, 96 S.Ct. 893 ; see also Jackson, 406 U.S. at 731-39, 92 S.Ct. 1845. Comparing the process in a commitment proceeding under 18 U.S.C. § 4246 with a commitment proceeding under 18 U.S.C. § 4248 illustrates why procedural due process requires that a person who contests all three elements in a proceeding under 18 U.S.C. § 4248 be competent.
In a proceeding under 18 U.S.C. § 4246, the United States seeks to commit a person who allegedly is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily to another person or serious damage to property of another." 18 U.S.C. § 4246(d).[5] At a section 4246 hearing, the person is represented by counsel and, "if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A." Id. § 4247(d). "The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." Id. At a section 4246 hearing, the United States must prove "by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another...." Id. § 4246(d). If the United States meets its burden of proof, "the court shall commit the person to the custody of the Attorney General." Id.
Once a person is committed under 18 U.S.C. § 4246, the "Attorney General shall make all reasonable efforts to cause ... a State to assume ... responsibility" for the person. Id. If notwithstanding such efforts, a State does not "assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until (1) such a State will assume such responsibility; or (2) the person's mental condition is such that his release or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another; whichever is earlier." Id.
Section 4246(e) permits the court to hold periodic hearings to assess whether the person has recovered from his mental disease or defect to such an extent to permit either his conditional or unconditional discharge. See id. § 4247(h). Moreover, a person committed under section 4246 can request such a hearing after being committed for 180 days. See id.
A commitment hearing under 18 U.S.C. § 4246 does not have as an element of proof the respondent's prior conduct. See 18 U.S.C. § 4246(d) ; United States v. Baker, 45 F.3d 837, 844-46 (4th Cir. 1995). Rather, the entire focus of the section 4246 hearing is the respondent's alleged "mental disease of defect" and whether "as a result of" that mental disease or defect the respondent's release "would create a substantial risk of bodily injury to another person or serious damage to property of another." See 18 U.S.C. § 4246(d). Thus, *581 section 4246 hearings focus on expert medical evidence concerning those two medical issues. See Vitek, 445 U.S. at 495, 100 S.Ct. 1254 ("[T]he inquiry involved in determining whether or not to transfer an inmate to a mental hospital for treatment involves a question that is essentially medical."); Baker, 45 F.3d at 844-45 (same); cf. United States v. Debenedetto, 618 F. App'x 751, 752-54 (4th Cir. 2015) (per curiam) (unpublished); United States v. Soobrian, 571 F. App'x 256, 256-57 (4th Cir. 2014) (per curiam) (unpublished); United States v. Conroy, 546 F. App'x 311, 313-16 (4th Cir. 2013) (per curiam) (unpublished); United States v. Taylor, 513 F. App'x 287, 288-92 (4th Cir. 2013) (per curiam) (unpublished).
Respondents in section 4246 proceedings often are so mentally ill that they are not "competent" under Dusky and its progeny to face criminal prosecution, but their lack of "competence" is not relevant to the two medical issues at the heart of every section 4246 proceeding. Those two issue are: (1) does respondent have a mental disease or defect; and (2) if so, as a result of that mental disease or defect, would respondent's release "create a substantial risk of bodily injury to anther person or serious damage to property of another." 18 U.S.C. § 4246(d) ; see Vitek, 445 U.S. at 489-90, 100 S.Ct. 1254 ; Baker, 45 F.3d at 844-45.
In contrast to section 4246 proceedings, the first element in an Adam Walsh Act case is a backward looking factual inquiry into whether respondent has ever engaged in or attempted to engage in sexually violent conduct or child molestation. The next two elements in an Adam Walsh Act case then focus on two medical issues: (1) whether respondent has a serious mental illness, abnormality, or disorder; and (2) if so, as a result of that serious mental illness, abnormality, or disorder, would respondent have serious difficulty in refraining from sexually violent conduct or child molestation if released. See 18 U.S.C. §§ 4247(a)(5)-(6), 4248(a).
The goal of the factfinder as to the first element in a section 4248 trial "is to uncover the truth by examining rigorously the reliability of conflicting evidence presented and then engaging in extensive factfinding." Baker, 45 F.3d at 844. The statutory right to counsel, to cross-examine and confront witnesses, to summon witnesses, to present evidence, and to testify all enhance the reliability of the truth-seeking goal. See id.; 18 U.S.C. § 4247(d) (describing the statutory rights of a respondent in a section 4248 proceeding). When the first element in a section 4248 trial is contested, the factfinder must "determine the veracity of the testifying witnesses based, inter alia, upon the witnesses' demeanor while testifying." Baker, 45 F.3d at 844. Only if the United States proves this first element under 18 U.S.C. § 4248 does the court turn to the two medical issues at the heart of the second and third elements. Cf. id. at 844-45 (noting that commitment under the predecessor statute of 18 U.S.C. § 4246 focuses only on two medical issues and that the focus of such hearings concern expert testimony concerning those medical issues). Thus, the difference between a section 4246 proceeding and a fully contested section 4248 proceeding illustrates why procedural due process requires that a person who contests all three elements in a section 4248 proceeding be competent.
C.
If, as the United States contends, the Adam Walsh Act does not require a person who contests all three elements to be competent, this court must test that contention under Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and its progeny. See, e.g., *582 Nelson v. Colorado, --- U.S. ----, 137 S.Ct. 1249, 1255, 197 L.Ed.2d 611 (2017) ; Connecticut v. Doehr, 501 U.S. 1, 4, 18, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991) ; Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-48, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ; Santosky v. Kramer, 455 U.S. 745, 768, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) ; Little v. Streater, 452 U.S. 1, 13-17, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981) ; Addington v. Texas, 441 U.S. 418, 425-33, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) ; Timms, 664 F.3d at 450-54 ; cf. Hamdi v. Rumsfeld, 542 U.S. 507, 532-33, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004) ; Foucha v. Louisiana, 504 U.S. 71, 79, 86, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). The Supreme Court has identified the following three factors to consider in determining those procedural safeguard due a person whose interests are to be adversely affected by government action:
First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
Mathews, 424 U.S. at 335, 96 S.Ct. 893 ; cf. Vitek, 445 U.S. at 491-97, 100 S.Ct. 1254.
1.
The first factor "is the nature of the interest affected by the government action." Baker, 45 F.3d at 844. An adverse outcome for an individual in a section 4248 hearing results in "a massive curtailment of [that person's] liberty." Humphrey v. Cady, 405 U.S. 504, 509, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972) ; Wood, 741 F.3d at 423 ; Timms, 664 F.3d at 450 ; Baker, 45 F.3d at 843-44. The person is committed "to the custody of the Attorney General." 18 U.S.C. § 4248(d). "The Attorney General shall make all reasonable efforts to cause ... a State to assume ... responsibility" for that person. Id. If notwithstanding such efforts, no State "will assume such responsibility, the Attorney General shall place the person for treatment in such a suitable facility, until (1) such State will assume such responsibility; or (2) the person's condition is such that he is no longer sexually dangerous to others, or will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment; whichever is earlier." Id.
The United States makes sex offender treatment available to those persons who are committed under the Adam Walsh Act. The treatment takes place at FCI-Butner and has four phases, and each phase builds on the earlier phase. Phase one is an orientation and assessment phase where psychologists gather information from and about the person and formulate an assessment. Phase two involves individual and group therapy and focuses on helping the person to acquire cognitive skills associated with conflict resolution, moral reasoning, and self control and seeks to decriminalize the person. Phase three is the core of the sex offender treatment. Phase three involves both individual and group therapy and focuses on increasing the cognitive and self-regulatory skills learned in phase two. For example, in phase three, the person will dismantle his sex offending behaviors, one event at a time. Phase three also requires the person to identify high-risk situations and triggers. Phase three is critical to constructing a relapse prevention plan. Phase four involves relapse prevention planning and release planning and builds on phase three. Phase four also focuses on integrating and internalizing the person's knowledge, emotional understanding, and emotional insight. Phase four also focuses on housing, employment, financial management, and relationships. As with phases two and three, phase four *583 involves individual and group therapy. Some men[6] have completed the treatment program successfully and have been released, but the treatment program takes years to complete.
Whether or not a person engages in sex offender treatment at FCI-Butner, a person committed under 18 U.S.C. § 4248 can request a discharge hearing 180 days after being committed. See 18 U.S.C. § 4247(d) ; United States v. Maclaren, 866 F.3d 212, 216-19 (4th Cir. 2017). To obtain a discharge hearing, the person must plausibly allege " factual matter, accepted as true, to state a claim for discharge that is plausible on its face." Maclaren, 866 F.3d at 218 ; see 18 U.S.C. § 4248(e). Essentially, the person must plausibly allege that he is no longer a sexually dangerous person. See Maclaren, 866 F.3d at 218. If the person obtains a hearing, the person must show by a preponderance of the evidence that he is no longer a sexually dangerous person or will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment. See 18 U.S.C. § 4248(e) ; see, e.g., United States v. Wooden, 887 F.3d 591, 599-602 (4th Cir. 2018).
The government argues that the Adam Walsh Act's "post-commitment procedures afford additional protection" to a person and thereby obviate the need for a person who contests all three elements to be competent at his section 4248 trial. [D.E. 101] 4. However, an incompetent person who contested all three elements and got committed could not participate meaningfully in sex offender treatment, much less learn from it. Moreover, if the person were incompetent due to an intellectual disability, the person essentially would face lifetime commitment unless and until he became competent. Cf. Jackson, 406 U.S. at 731-39, 92 S.Ct. 1845. To such a person, the post-commitment procedures would not afford additional protection.
The private interest that is affected by commitment under 18 U.S.C. § 4248 is great. See Timms, 664 F.3d at 451 ; Baker, 45 F.3d at 844. Thus, the government's interest in committing an incompetent person who contests all three elements under the Adam Walsh Act "must be great, and the risk of an erroneous deprivation of liberty small for the government to prevail." Baker, 45 F.3d at 844.
2.
The court next considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335, 96 S.Ct. 893. As mentioned, the first element of the Adam Walsh Act requires the factfinder to uncover the truth concerning whether respondent has attempted to engage in or engaged in sexually violent conduct or child molestation. Where a respondent lacks a criminal conviction for actual or attempted sexually violent conduct or child molestation, the factfinder must examine rigorously the reliability of conflicting evidence presented and engage in extensive factfinding. The Adam Walsh Act provides respondent a statutory right to counsel, to testify, to present evidence, to subpoena witnesses, and to confront and cross-examine witnesses who appear at the hearing. See 18 U.S.C. § 4247(d). A respondent's competence, however, is "rudimentary, for upon it depends" these statutory rights. See Cooper, 517 U.S. at 354, 116 S.Ct. 1373 (quotation omitted). Simply put, an incompetent respondent who contests the first element in an Adam Walsh Act case effectively loses these statutory rights because he lacks the ability to rationally understand *584 the proceeding against him or communicate with his counsel about the factual allegations at the heart of the first element's factual inquiry. Likewise, an incompetent respondent who contests the first element in an Adam Walsh Act case effectively loses the ability to testify, to advise counsel which witnesses to subpoena in his defense, and to advise counsel about potentially fruitful lines of cross-examination. Moreover, appointing a guardian ad litem does not cure these problems. Cf. [D.E. 101] 6 (suggesting that appointing a guardian ad litem for an incompetent respondent who contests all three elements in an Adam Walsh Act case provides a sufficient procedural safeguard to satisfy procedural due process). After all, a guardian ad litem is not effectively able to assist counsel in contesting the first element.
If the Adam Walsh Act permits the trial and commitment of an incompetent person who contests all three elements, then the risk of erroneous deprivation of that persons's liberty is extraordinary. Moreover, requiring a person who contests all three elements in a section 4248 proceeding to be competent would add substantial value to the procedural safeguards in the Adam Walsh Act. See 18 U.S.C. § 4247(d) (providing right to counsel, to testify, to present evidence, to subpoena witnesses, and to confront and cross-examine witnesses); 18 U.S.C. § 4248(d) (requiring the government to prove the three elements by clear and convincing evidence).
3.
Next, the court considers the government's "interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335, 96 S.Ct. 893. Obviously, the government has an important and substantial interest in delivering mental health care to "sexually dangerous persons who are already in federal custody" and to protecting the public from such individuals. Comstock, 560 U.S. at 142, 130 S.Ct. 1949. Moreover, section 4248 is "reasonably adapted to Congress's power to act as a responsible federal custodian." Id. at 143, 130 S.Ct. 1949 (quotation and citation omitted).
However, requiring that a person who contests all three elements in an Adam Walsh Act case be competent will pose minimal fiscal and administrative burdens to the government. First, as the history of the Adam Walsh Act cases in the Eastern District of North Carolina reflects, the issue of competence rarely arises in section 4248 cases. Moreover, the issue of competency coupled with a respondent who lacks a conviction for attempted or actual sexually violent conduct or child molestation arises even less frequently. Indeed, to this court's knowledge, the issues presented in this Adams Walsh Act case have never arisen in the 183 other Adam Walsh Act cases in the Eastern District of North Carolina. Second, if the issue of competency does arise, the case will involve a person who faced federal criminal charges, received a competency evaluation under 18 U.S.C. § 4241, and was found incompetent to face criminal charges. The person will then be evaluated for commitment under 18 U.S.C. § 4246. If committed under section 4246, the person will receive treatment under section 4246 and the United States will not seek commitment under section 4248.
If not committed under section 4246, and the government seeks commitment under section 4248, and the person contests all three elements, and the person arguably is not competent to proceed in the section 4248 case, the court can receive a psychiatric or psychological report concerning the person's competence. See 18 U.S.C. §§ 4247 - 48. The court can then hold a competency hearing. If the person *585 is found competent, the section 4248 case proceeds. If the person is found not competent, the court can notify the responsible state authorities about the procedural history of the case and permit responsible state authorities to decide whether to commit the person under applicable state law. For example, many states have their own versions of 18 U.S.C. § 4246, including statutes that permit the civil commitment of seriously mentally ill persons or seriously developmentally disabled persons. Cf. Mont. Code Ann. § 53-20-121 et seq. (2017) (commitment of seriously developmentally disabled individuals); Mont. Code Ann. § 53-21-121 et seq. (2017) (commitment of seriously mentally ill individuals). Thus, the government's interest in delivering mental health care to an allegedly sexually dangerous person in its custody is substantial, but requiring that a person who contests all three elements be competent imposes little additional costs. See Mathews, 424 U.S. at 335, 96 S.Ct. 893. Furthermore, in analyzing the third Mathews factor, the court cannot presuppose that the person is a sexually dangerous person.
4.
Balancing the factors, the private interest that is affected by commitment under 18 U.S.C. § 4248 is extraordinary. Moreover, the government's interest in committing an incompetent person who contests all three elements is slight. Finally, the risk of erroneous deprivation of liberty is great when the government seeks to commit an incompetent person who contests all three elements under the Adam Walsh Act. Thus, if (as the United States asserts) the Adam Walsh Act permits the trial and commitment of an incompetent person who contests all three elements, then the Adam Walsh Act as applied to that incompetent person would violate procedural due process.
III.
In sum, the government's motion for reconsideration [D.E. 98] is DENIED. The competency hearing scheduled for November 29, 2018, shall proceed.
SO ORDERED. This 26 day of November 2018.

18 U.S.C. § 4247(c) provides:
Psychiatric or psychological reports.-A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include-
(1) the person's history and present symptoms;
(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
(3) the examiner's findings; and
(4) the examiner's opinions as to diagnosis, prognosis, and-
(A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;
(B) if the examination is ordered under section 4242, whether the person was insane at the time of the offense charged;
(C) if the examination is ordered under section 4243 or 4246, whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;
(D) if the examination is ordered under section 4248, whether the person is a sexually dangerous person;
(E) if the examination is ordered under section 4244 or 4245, whether the person is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility; or
(F) if the examination is ordered as a part of a presentence investigation, any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.
18 U.S.C. § 4247(c) (emphasis added).

18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section 4246 and 4248.").

In United States v. Broncheau, 645 F.3d 676, 683-87 (4th Cir. 2011), the Fourth Circuit held that the United States did not have to proceed first under 18 U.S.C. § 4241, rather than 18 U.S.C. § 4248, when seeking to commit a person as sexually dangerous where that person had not completed his sentence. In Broncheau, there were "no allegations or showings that any of the Respondents are unable to understand the nature and consequences of the proceedings against them or to assist properly in their defense." Id. at 686 (quotation and alterations omitted). Thus, Broncheau does not address the authority of this court to receive a psychiatric or psychological report under 18 U.S.C. §§ 4247 -48 addressing White's competence in this section 4248 proceeding or to hold a competency hearing concerning White.

The United States District Court for the Eastern District of North Carolina has resolved 184 Adam Walsh Act cases. The undersigned has presided in 56 Adam Walsh Act cases. As the Fourth Circuit explained in Timms, when the Adams Walsh Act was first implemented in 2006, "individuals were certified under § 4248(a) in various district courts around the country, depending on the location of that person's BOP place of incarceration." Timms, 664 F.3d at 439. "Early in the process, however, the BOP began transferring potential candidates for § 4248 civil commitment to the Federal Correction Institute in Butner, North Carolina ("FCI-Butner") for an initial assessment, such that § 4248 civil commitment actions are now being reviewed almost exclusively through that facility." Id. at 439-40 (footnote omitted). "As a result nearly all § 4248 civil commitment actions nationwide are now filed and adjudicated in the Eastern District of North Carolina, and then appealed to" the Fourth Circuit. Id. at 440.

The United States District Court for the Eastern District of North Carolina has resolved 507 cases under 18 U.S.C. § 4246. As with section 4248 cases, the Eastern District of North Carolina resolves such a large volume of section 4246 cases because section 4246 detainees are evaluated and treated at FCI-Butner. FCI-Butner is located within the Eastern District of North Carolina. See 28 U.S.C. § 113(a).

To date, no women have been committed under the Adam Walsh Act.